CHARLES S. HARRISON *et al.*, *as Administrators of the estate of William Harrison, deceased*, v. EMILY C. HARRISON.

TRIAL — *Prejudicial Remarks of the Judge.* Where, during the progress of a trial by the court, the judge informed the defendant, before he had introduced all of his evidence, that the court was ready to decide the case without further evidence, that he did not think additional testimony would affect the decision, but would hear anything of a different nature from that already offered, *held*, that, under the facts and circumstances of this case, where the evidence preponderated largely in favor of the defendant and the decision of the court was against him, the remarks of the court had a tendency to mislead the losing party, and prevent him from having a fair and impartial trial.

*Error from Butler District Court.*

THE case is fully stated in the opinion.

*Redden & Schumacher*, for plaintiffs in error.

*Clogston, Hamilton, Fuller & Cubbison*, for defendant in error.

Opinion by GREEN, C.: Emily C. Harrison sued William Harrison for alimony alone, in the district court of Butler county. She based her claims for relief upon three grounds: (1) Abandonment for more than one year; (2) failure upon the part of the defendant to provide for her; and (3) that the defendant had been guilty of extreme cruelty toward her. The defendant answered that the plaintiff had been paid $1,600, with the agreement that it was to be accepted by her as her full share of the defendant's property. The defendant also alleged that the plaintiff had abandoned him; that she was guilty of gross neglect of duty and extreme cruelty. He asked to be divorced from the plaintiff. The case was tried in October, 1888. The court allowed the plaintiff $1,500 alimony, and refused the defendant a divorce. A motion for a new trial was filed, and overruled by the court. A record was made and filed in this court. Subsequently the defend-

ant died, and the case was revived in the name of his administrators, who now ask for a reversal of the judgment of the district court.

It appears from the record that the plaintiff testified in her own behalf and rested. The defendant then offered his evidence; 10 or 11 witnesses, besides the defendant himself, gave their evidence orally, and the depositions of 10 witnesses taken in California were offered and read to the court. At the conclusion of the reading of the depositions, the court announced to the parties that he was ready to decide the case without further evidence being introduced, but would permit the parties to offer any evidence they desired to submit. The defendant's counsel informed the court that he had other and further evidence he desired to introduce, and the plaintiff also announced that she had more witnesses ready to testify in her behalf, but if the court did not desire to hear them, and was ready to decide the case, she would not occupy the time of the court in introducing further evidence. The court then stated "that it did not think further testimony would affect the decision, but if counsel had anything of a different nature it would gladly be heard, and if desired all other testimony would be heard, and directed counsel to proceed if further testimony was desired to be introduced." The defendant did not offer any further testimony. The court then rendered judgment without hearing argument of counsel.

It is urged that the defendant below did not have a full, fair and impartial trial; that his counsel was misled by the statement of the court "that it did not think further testimony would affect the decision." The evidence was not evenly balanced. Twenty-one witnesses had given evidence favorable to the defendant. The plaintiff had offered no evidence but her own. From the great weight of evidence, the natural inference would have been drawn from the statement of the court that sufficient evidence had been offered to entitle the defendant to a favorable decision, and he did not therefore offer further proofs. We can readily see how a party might be misled, where the preponderance of the evidence was largely

in favor of the party who had not yet closed his case, by such a remark from the court as appears in this record. The statement, in our judgement, made as it was before the defendant had rested, was well calculated to mislead the losing party upon the trial. The rule and practice of courts is quite well understood to be, that when the trial judge is satisfied with the correctness of the position of counsel upon a legal proposition, in order to save time he will so inform him, and will then give the opposing counsel an opportunity to answer the position assumed to be correct. So, when the judge is a trier of the facts as well as of the law, and informs counsel that he does not care to hear any further evidence, it would be a very natural inference, especially when the evidence is largely in his favor, that the court is satisfied with the sufficiency of the evidence already adduced. The defendant in this case, we think, had reason to assume from the remarks of the court that no further testimony was necessary to establish his defense.

As to the methods and practice of introducing evidence, we realize that great discretion is necessarily committed to the trial court; but, to preserve the impartial administration of justice, the judge should at all times be guarded, and refrain from making any observations during the progress of the trial which might have a tendency to mislead counsel in presenting his proofs.

From the statements and recitations in the record, we are of the opinion that the defendant below did not have a fair and impartial trial, that the action and statements of the trial judge were calculated to and doubtless did mislead counsel in the presentation of the evidence, and therefore recommend that the judgment of the district court be reversed, and that a new trial be granted.

By the Court: It is so ordered.

All the Justices concurring.